# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LAWANDA HILLIARD,

    Plaintiff,

v.

SECURITAS SECURITY
SERVICES, USA INC.,

    Defendant.

Case No. CV410-146

## REPORT AND RECOMMENDATION

Lawanda Hilliard seeks to initiate an employment discrimination lawsuit against Securitas Security Services, USA Inc. Doc. 1. While she has not explicitly applied to proceed in forma pauperis ("IFP") on her Title VII application, she has not paid the filing fee, so the Court presumes that she means to do so.[1] (Doc. 1.) The Court will grant leave to proceed IFP if the plaintiff demonstrates that she cannot, because of

---

[1] It is also unclear whether she seeks appointment of counsel. (Doc. 1 at 1.) Such a request would be denied as moot in any event, since this case should be dismissed.

her poverty, afford to pay the costs of litigation and still provide for herself and any dependents. 28 U.S.C. § 1915. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible for her to do so without undue hardship. Here, plaintiff is unemployed, has several dependants, and is in substantial debt. (Doc. 1 at 1-2.) Accordingly, her motion for leave to proceed IFP is **GRANTED**.

But her case, nevertheless, should be dismissed as untimely. An action brought pursuant to Title VII, the Rehabilitation Act, or the Age Discrimination in Employment Act must be filed within 90 days of the receipt of the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. §1614.407; *Stallworth v. Wells Fargo Armored Serv. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991); *see also Brown v. Consol. Freightway*, 152 F.R.D. 656, 658-59 (N.D. Ga. 1993) (recommending dismissal of Title VII complaint when plaintiff filed suit 91 days after receipt of EEOC right-to-sue letter). Plaintiff states that she received her EEOC right-to-sue letter on March 15, 2010. (Doc. 1 at 3, 10.) She executed her Title VII

application on June 15, 2010 and filed it that same day, which is ninety-two days after she received her right-to-sue letter. (Doc. 1.) That letter clearly states that a lawsuit "**must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.* at 5.) Hilliard filed her Title VII application two days later than the statute of limitations allows. (*Id.* at 8.) Therefore, her complaint should be **DISMISSED**.[2]

**SO REPORTED AND RECOMMENDED** this  17th  day of June, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[2] The ninety-day limitations requirement is not jurisdictional and is subject to equitable tolling and wavier. *See Suarez v. Little Havana Activities*, 721 F.2d 338, 340 (11th Cir. 1983) (tolling ninety-day limitations period); *Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1332-34 (S.D. Iowa 1993) (thorough discussion of Supreme Court and circuit precedent on this issue). Therefore, courts should generally refrain from dismissing a Title VII action sua sponte on the basis of untimeliness. However, where the untimeliness of an action is clear from the face of the complaint and the plaintiff has been granted leave to proceed in forma pauperis, the court may dismiss sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii), which directs a court to dismiss any action brought by an in forma pauperis plaintiff that "fails to state a claim on which relief may be granted." *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995) (affirming sua sponte dismissal of action filed after statute of limitations had expired); *Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1170-71 (M.D. Ala. 1999) (adopting magistrate's recommendation of sua sponte dismissal based on statute of limitations).

3